IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN
AND FOR COLLIER COUNTY,
FLORIDA

CASE NUMBER:

David and Ella Bruno a/a/o Peter
Schmidt

      Plaintiff,
v.

Hartford Insurance Company of the
Midwest,

      Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, David and Ella Bruno a/a/o Peter Schmidt by and through the undersigned attorney, and sues Defendant, Hartford Insurance Company of the Midwest, and alleges as follows:

1. This is an action for breach of contract with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, Plaintiff, David and Ella Bruno a/a/o Peter Schmidt (hereinafter "Plaintiff") was and is a Florida corporation with its principal place of business in Florida.

3. At all material times hereto, Defendant, Hartford Insurance Company of the Midwest, was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Collier County, Florida.

4.      In exchange for their services, Plaintiff brings this action as an assignee of Peter Schmidt (hereinafter "Insured") pursuant to the valid assignment.  Attached hereto and incorporated herein as Plaintiff's Exhibit "A" is a true and correct copy of said assignment agreement signed by the Insured and/or the Insured's authorized agent.

5.      Alternatively, Plaintiff has an assignment in equity based upon contracted services.

6.      Prior to September 10th, 2017, the Insured sought and purchased homeowner's insurance from Defendant to cover their property located at 7040 Falcons Glen Blvd., Naples, FL 34113, (hereinafter "Insured's Property"). Said policy of insurance, (hereinafter "Insured's Policy"), was issued by Defendant to Insured to provide insurance coverage which included, but was not limited to, coverage afforded to protect Insured's Property against damage caused by a hurricane.

7.      Insured's Policy was issued by Defendant to Insured and was in full force and effect as of September 10th, 2017. A formal copy of the Insured's Policy is not currently in the possession of Plaintiff, but is well known to Defendant, and has been requested by Plaintiff through a Request to Produce (which has been served upon Defendant contemporaneously with this Complaint). See: Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So.2d 1257 (Fla 4th DCA 2007); Amiker v. Mid-Century Ins. Co., 398 So.2d 974 (Fla 1st DCA 1981); Parkway General Hospital, Inc. v. Allstate Ins. Co.,  393 So.2d 1171 (Fla. 3rd DCA 1981) and Sasche v. Tampa Music Co., 262 So.2d 17( Fla. 2nd DCA 1972).

8.  On or about September 10th, 2017, Insured's Property and dwelling at 7040 Falcons Glen Blvd., Naples, FL 34113, was damaged by a Hurricane. Said hurricane event was covered

under Insured's Policy issued by Defendant to Insured. The claim number assigned to this claim is PP0017589262.

9. Shortly after the hurricane event described in paragraph 8 above, Insured contracted with Plaintiff to provide necessary services to Insured at Insured's Property. In exchange for said services, Insured agreed to allow the direct billing of Plaintiff's services performed at Insured's Property to Defendant and agreed to assign rights under Insured's Policy to Plaintiff.

10. Plaintiff has submitted reasonably priced estimates for the services provided or to be provided to Insured at Insured's Property to Defendant and has been unpaid or underpaid by Defendant for the same. (See estimate attached to Plaintiff's Exhibit "A".) This is an action related to Defendant's breach of contract and failure to pay full value for the services rendered to Plaintiff.

11. Jurisdiction and venue of this matter are proper in Circuit Court for Collier County, Florida.

## COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

**COMES NOW** Plaintiff, David and Ella Bruno a/a/o Peter Schmidt by and through the undersigned attorney sues Defendant, Hartford Insurance Company of the Midwest, and alleges as follows:

12. The Plaintiff does hereby repeat and re-allege Paragraphs 1 through 11 above and incorporates the same by reference herein.

13. The Insured is a named insured under the homeowner's insurance policy of the Insured (the Insured's Policy described above) and said policy was in full force and effect as to

the Insured at all times material to this Complaint, including when Insured's Property was damaged as described above.

14. Plaintiff has complied with all conditions precedent to this lawsuit and to entitle Plaintiff to recover under the Insured's Policy or any such conditions have been waived.

15. Despite demand for payment, Defendant has failed or refused to pay full value for services rendered by Plaintiff to protect and return property to pre-loss condition.

16. Defendant's refusal to reimburse Plaintiff adequately for contracted services provided, and otherwise makes Plaintiff whole, constitutes a breach of contract.

17. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds which have not been paid, interest, costs, and attorney's fees.

18. Plaintiff has been and remains fully prepared to comply with all of the obligations pursuant to the aforesaid contract of insurance.

19. As a result of Defendant's aforementioned breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys pursuant to Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

20. Plaintiff is entitled to recover attorney's fees and costs under Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes.

**WHEREFORE**, Plaintiff, David and Ella Bruno a/a/o Peter Schmidt by and through the undersigned counsel, demands judgment against Defendant, Hartford Insurance Company of the Midwest, for all unpaid bills with interest on any overdue payments, costs, attorney fees pursuant to Sections 627.428, 626.9373, 57.041, 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demand trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Dated: October 6, 2020**

/s/ *Jesse Diaz*
**COHEN LAW GROUP**
Jesse Diaz, Esquire
**FOR THE FIRM**
Fla. Bar No. 1015533
350 North Lake Destiny Road
Maitland, Florida 32751
Jdiaz@itsaboutjustice.law
Telephone: (407) 478-4878
Facsimile: (407) 478-0204
Attorneys for Plaintiff