# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DAVID BRUNO and ELLA
BRUNO,

       Plaintiffs,

v.                                                                        Case No: 2:20-cv-910-FtM-38NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

       Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss (Doc. 8) and Plaintiffs David and Ella Bruno's response in opposition (Doc. 9). The Court grants the Motion in part.

This is an insurance dispute. The Brunos sue as assignees of Peter Schmidt, whose property was insured by Hartford. Schmidt's insured property suffered hurricane damage during Hurricane Irma. The Brunos now seek related insurance proceeds from Hartford.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Brunos filed a single-count complaint for breach of contract. (Doc. 3). Hartford moved to dismiss, challenging the Brunos' standing. Hartford argued that Schmidt assigned his rights to EZ General & Roofing Contractors, Inc. (the "EZ Assignment") *before* the alleged assignment to the Brunos (the "Bruno Assignment"), meaning Schmidt had no rights to assign in the Bruno Assignment. (Doc. 8). The Brunos responded, arguing they have standing as assignees and that any issues relating to the prior assignment are issues of fact not appropriately addressed in a Rule 12 motion. (Doc. 9).

## LEGAL STANDARD

Hartford moves under Rule 12(b)(1), 12(b)(2), and 12(b)(6). Generally, when a motion turns on multiple grounds, a court should consider the Rule 12(b)(1) challenge first. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 83 (1998) (noting standing should be resolved first).

To have Article III standing, a plaintiff must show he "(1) suffered an injury-in-fact (2) that is fairly traceable to the defendant's conduct and (3) is redressable by a favorable judicial decision." *MSPA Claims I, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019).

Rule 12(b)(1) motions can make factual or facial challenges. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal citations omitted). A facial attack challenges subject-matter jurisdiction without disputing the facts alleged in the complaint and

requires a court to treat the complaint's allegations as true. *Id.* In contrast, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (cleaned up). In assessing a factual challenge, no presumption of truthfulness attaches to a plaintiff's allegations, and the plaintiff bears the burden of proving facts supporting subject matter jurisdiction by a preponderance of the evidence. *See* 5B Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spencer, *Federal Practice and Procedure Civil* § 1350 (3d ed. Oct. 2020). A factual attack may invoke material extrinsic from the pleadings. *McElmurray*, 501 F.3d at 1251. Hartford asserts factual and facial challenges.

The Brunos claim standing as assignees of Schmidt. An assignee "stands in the shoes of the assignor and may enforce the contract against the original obligor in his own name." *Lauren Kyle Holdings, Inc. v. Heath-Peterson Const. Corp.*, 864 So. 2d 55, 58 (Fla. Dist. Ct. App. 2003) (cleaned up). "Because an assignment vests in the assignee the right to enforce the contract, an assignor retains no rights to enforce the contract after is has been assigned." *Id.* (internal citation omitted).

Under Florida law, a contract (such as an assignment or insurance policy) must be interpreted "in accordance with its plain meaning." *Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1293 (11th Cir. 2019) (internal quotations

omitted).    District courts have broad discretion to consider relevant and competent evidence on a Rule 12(b)(1) motion that raises factual issues.  *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("But when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion . . . the court may inquire by affidavits or otherwise, into the facts as they exist." (cleaned up)).

## DISCUSSION

An initial examination of the pleadings reveals a Complaint inconsistent with its exhibit, and a failure by the Brunos to satisfy basic pleading requirements.  The Brunos allege they are "a Florida corporation with its principal place of business in Florida." (Doc. 3 at 1).  But from the record, the Brunos appear to be two individuals, not a corporation.  As a result, the Brunos fail to properly address threshold jurisdictional questions.

Moreover, while the Complaint references an assignment in exchange for services (Doc. 3 at 2-3), the Bruno Assignment reflects assignment "as part of the purchase and sale of real property." (Doc. 3-1).  Thus, even reading the Complaint in the light most favorable to the Brunos, it is difficult to discern the basis for their claim.  The clear language of the relevant contract conflicts with the allegations.  And allegations fail to clearly articulate a basis for the Brunos' standing.

In assessing a Rule 12(b)(1) challenge, the Court is "obliged to consider not only the pleadings, but to examine the record as a whole to determine whether [it] is empowered to adjudicate the matter at hand." *Elend v. Basham, 471 F.3d 1199, 1208 (11th Cir. 2006)* (internal quotations omitted). The insurance policy (Doc. 8-2), the EZ Assignment (Doc. 8-3), and the Bruno Assignment (Doc. 3-1) are therefore pertinent to the analysis.

Hartford argues that the insurance policy prohibits assignment of the subject insurance claim. But Florida law has recognized that post-loss insurance claims are freely assignable without the consent of the insurer. *CMR Construction & Roofing LLC v. Fed. Ins. Co., No. 2:20-cv-33-FtM-38NPM, 2020 WL 1677292, at *1 (M.D. Fla. Apr. 6, 2020)* (quoting *Frank A. Baker, P.A. v. Fed. Deposit Ins. Corp., No. 3:12-cv-228/MCR/CJK, 2013 WL 12097448, at *7 (N.D. Fla. Marc. 13, 2013)*). The "Assignment" provision of the insurance policy states that "Assignment of this policy will not be valid unless [Hartford] give[s its] written consent." (Doc. 8-2 at 22). Florida courts have found that such provisions do not proscribe assignment of benefits under the related policy. *See Bioscience West, Inc. v. Gulfstream Prop. & Cas. Ins. Co., 185 So. 3d 638, 640, 643 (Fla. Dist. Ct. App. 2016)* (internal citations omitted) (finding that an insurance policy's plain language prohibiting an insured's assignment of the entire policy without the insured's consent did not bar the insured's unilateral assignment of a benefit derived from that policy).

Schmidt, the insured, suffered injury.  An insurance claim resulted.  And Schmidt assigned rights associated with that claim—not the policy itself—consistent with Florida law.  Such benefits are freely assignable under Florida law.  *See id.*

Hartford argues that even if assignment was permitted under the policy, the Bruno Assignment did not convey to the Brunos the necessary standing.  The Bruno Assignment (Doc. 3-1) reflects an assignment to David Bruno of rights and benefits in an insurance claim.  But the Bruno Assignment does not mention assignment of a policy—just a specific claim—nor does it reference Ella Bruno.  (*See* Doc. 3-1).  The post-loss assignment of the insurance claim benefits is not prohibited by the insurance policy.  But because Ella Bruno is not an assignee under the assignment under which the Brunos sue, she lacks standing.

While the Bruno Assignment describes David Bruno as an assignee, the effect of the Bruno Assignment is unclear.  Based on review of the record, including the EZ Assignment, the Bruno Assignment does not convey any rights to David Bruno.  The EZ Assignment, executed on October 13, 2017, purportedly assigned rights to the subject insurance claim to EZ.  Over two and a half years later, on April 30, 2020, Schmidt executed the Bruno Assignment, purporting to assign to David Bruno those same rights previously conveyed to EZ.  Absent intervening circumstances, Schmidt did not have the

6

right to assign any rights relating to the subject claim when he tried to assign them to David Bruno.  The Brunos did not plead any intervening circumstances in the Complaint, and instead made inconsistent factual references to the nature of the Bruno Assignment.

"Once an assignment has been made, the assignor no longer has a right to enforce the interest because the assignee has obtained all the rights to the thing assigned." *Bioscience*, 185 So. 3d at 640 (cleaned up).  Likewise, an assignor cannot assign rights, then later assign those rights again.  Such practice would theoretically permit double recovery against a party.  Rather, a right once assigned can no longer be enforced or transferred by any party other than the assignee (unless further assigned).  The bundle of sticks does not multiply; it simply moves into the possession of another.

If the earlier EZ Assignment is valid, then the Bruno Assignment is not.  So Schmidt could not convey to the Brunos post-loss benefits.  *See Napoli, Inc. v. Allied Prop. & Casualty Ins. Co.*, No. 5:18-cv-101-Oc-30PRL, 2019 WL 5212615 at *1 (citing *Oglesby v. State Farm Mut. Auto. Ins. Co.*, 781 So. 2d 469, 470 (Fla. 5th DCA 2001)) (finding an insured lacked standing in an insurance dispute where insured assigned insurance claim's benefits before suing).

In their Response, the Brunos represent that "[EZ and [Schmidt] will testify and/or produce evidence in support of [the Brunos'] standing." (Doc. 9 at 12).  Further, the Brunos contend they believe EZ revoked, reassigned, or

7

cancelled the EZ Assignment before the execution of the Bruno Assignment. (Doc. 9 at 12).  But the Brunos neither pled standing in the Complaint nor provided supporting evidence for it.  Without allegations or evidence of standing in support, the Brunos appear to lack standing.

In their Complaint, the Brunos allege that they performed services on the insured property, and "[i]n exchange for said services, [Schmidt] agreed to allow the direct billing of [the Brunos'] services performed at [Schmidt's p]roperty to [Hartford] and agreed to assign rights under [Schmidt's p]olicy to [the Brunos]." (Doc. 3 at 3).  But the Bruno Assignment makes clear that the rights were assigned in connection with David Bruno's purchase of the insured property, not in exchange for services. (Doc. 3-1 at 2).  Nor is there any mention of direct billing for the Brunos' services in the Bruno Assignment. (Doc. 3-1 at 2).  Ironically, with references to a corporate entity as the plaintiff and "services" rendered in exchange for assignment of benefits, the Complaint is drafted as if EZ were the plaintiff, not the Brunos.

"When allegations 'about a particular exhibit conflict with the contents of the exhibits itself, the exhibit controls.'" *Leon v. Integon Nat'l Ins. Co.*, No. 2:18-cv-673-FtM-38CM, 2018 WL 8244494, at *1 (M.D. Fla. Oct. 30, 2018) (quoting *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016)).  The Court thus concludes that Ella Bruno is not a party to the Bruno Assignment,

and the Bruno Assignment was executed in connection with the Brunos' purchase of the insured property.

The EZ Assignment unequivocally conveys all policy rights and benefits (including the right to bring this lawsuit) to EZ.  (Doc. 8-3).  The Brunos have not pled sufficient allegations reflecting how they have standing.  Nor have the Brunos resolved these shortcomings by filing affidavits or other evidence. Because it is unclear whether the Brunos have standing, the Court dismisses with leave to amend and correct the deficiencies.

Accordingly, it is now

**ORDERED:**

The Motion (Doc. 8) is **GRANTED in part**.

1.  The Complaint (Doc. 3) is dismissed without prejudice on standing grounds.

2.  The Brunos may file an amended complaint **on or before February 4, 2021**.  **Failure to timely file an amended complaint may cause closure of this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on January 21, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

9